UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP RIVER HOLDINGS, LLC, an Idaho limited liability company; and CAMPBELL FARMS, INC., an Idaho corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL CAMPBELL, an individual, and CAMPBELL CONTRACTING, LTD., a Nevada limited liability company,<br><br>Defendants. | Case No. 4:19-cv-00046-BLW<br><br>**ORDER** |

# INTRODUCTION

Pending before the Court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 6), Plaintiffs' Motion to Remand and for attorney fees and costs (Dkt. 9), and Plaintiffs' Motion to Expedite Consideration of Motion to Remand (Dkt. 20). Having reviewed the parties' briefing, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

# BACKGROUND

On February 5, 2019 Defendants Neil Campbell and Campbell Contracting, LTD submitted a Notice of Removal to the United States District Court for the District of

**ORDER - 1**

Idaho. Dkt. 1. Defendants believe the Court has jurisdiction over this case under 28 U.S.C. § 1332, because "it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000." *Id* at 3. In their Notice, Defendants assert complete diversity: that Plaintiffs are all citizens of Idaho, and Defendants all citizens of Nevada. *Id*. Defendants' Notice does not clarify the basis for the amount in controversy, but it is clear from the Complaint the parties are disputing a settlement agreement worth in excess of $75,000. *See* Dkt. 1-1 at 4.

On February 6, 2019, Plaintiffs moved to remand this case to state court. *See* Dkt. 9. Plaintiffs argue that the Court lacks jurisdiction over the case under § 1332 because the parties are not completely diverse. Dkt. 10 at 2. Specifically, Plaintiffs argue that plaintiffs Camp Bench Holdings, LLC and Camp River Holdings, LLC share citizenship with Defendant Neil Campbell. *Id.* Plaintiffs' Motion points out that Mr. Campbell is a citizen of Nevada and a member of both LLCs. *Id.* Defendants do not challenge Plaintiffs' characterization of Mr. Campbell's Citizenship or his membership in the two LLCs at issue. *See* Dkt. 19.

## LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir.1998). "Federal jurisdiction must be rejected if

**ORDER - 2**

there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

Plaintiffs also ask the court for attorney's fees associated with their Motion to Remand. An order remanding the case may require payment of reasonable costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, the language of Section 1447(c) is discretionary, and there is no automatic entitlement to an award of attorney fees and costs. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136–37 (2005). The Supreme Court has articulated that the test for awarding fees under § 1447(c) should recognize the "desire to deter removals sought for the purpose of prolonging litigation and increasing costs on the opposing party, while not undermining ... [defendants'] right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Thus, courts may award fees only when the removing party lacked "an objectively reasonable basis" for removing the action. *Martin*, 546 U.S. at 141. The Ninth Circuit clarified that District Courts should look at the "reasonableness of the attempted removal" when determining whether to award attorney's fees. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

## ANALYSIS

1. **The Court Lacks Jurisdiction under 28 U.S. C. § 1332**

Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.

A party's citizenship is to be determined at the time the complaint was filed and the removal effected. *See Strotek Corp. v. Air. Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir.2002). Although the amount in controversy in this case exceeds the jurisdictional amount, the Court nevertheless finds that it lacks subject matter jurisdiction due to the incomplete diversity of the parties.

Defendants correctly point out that plaintiffs Camp Bench Holdings, LLC and Camp River Holdings, LLC are citizens of Nevada as well as citizens of Idaho. As limited liability companies, both plaintiffs are "citizen[s] of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs' Complaint spells out that Defendant Neil Campbell is a "member of both Camp Bench and Camp River." Dkt. 1-1 at 4. The Complaint also identifies Mr. Campbell as a citizen of Nevada. *Id.* at 3. Therefore, Camp Bench Holdings, LLC, and Camp River Holdings, LLC are both citizens of Nevada because of the membership of Mr. Campbell. Because diversity jurisdiction under § 1332 requires complete diversity between plaintiffs and defendants, and there is incomplete diversity here, the Court lacks subject matter jurisdiction over this case.

2. **The Court Will Award Plaintiffs Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiffs seek to recover their attorney's fees and costs incurred in filing the Motion to Remand, arguing there was no objectively reasonable basis for federal court jurisdiction. The Court agrees. A party filing a notice of removal on the basis of diversity jurisdiction must be sure of two things: (1) that there is complete diversity, and (2) that

ORDER - 4

the amount in controversy exceeds $75,000. Here, Defendants failed to accurately identify the citizenship of the LLC Plaintiffs despite the fact that Defendant Mr. Campbell is a member of them both. The law is clear that limited liability companies are citizens of each state where its owners or members are citizens. *See Johnson* 437 F.3d at 599. Defendants' Notice of Removal nevertheless fails to identify the Nevada citizenship of plaintiffs Camp Bench Holdings, LLC and Camp River Holdings, LLC. *See* Dkt. 1 at 3. Because Defendants had the information at their disposal to accurately evaluate diversity of citizenship, and they have advanced no further arguments on behalf of removal, the Court finds no objectively reasonable basis existed, and will award fees associated with the Motion to Remand to Plaintiffs.

**ORDER**

**IT IS ORDERED THAT**

1. Plaintiffs' Motion to Remand and for attorney fees and costs (Dkt. 9) is GRANTED. This action is REMANDED to the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville (Case No. CV10-19-0511).
2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.
3. The Court retains jurisdiction in the matter for the sole purpose of determining the amount of fees and costs to be awarded to the Plaintiff.



DATED: February 19, 2019

_____
B. Lynn Winmill
U.S. District Court Judge