UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALLEN, an individual; CAMP BENCH HOLDINGS, LLC, an Idaho limited liability company; CAMP RIVER HOLDINGS, LLC, an Idaho limited liability company; and CAMPBELL FARMS, INC., an Idaho corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEIL CAMPBELL, an individual, and CAMPBELL CONTRACTING, LTD., a Nevada limited liability company,<br><br>    Defendants. | Case No. 4:19-cv-00046-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending are several motions related to the subject-matter jurisdiction of this Court. The Court originally remanded this case on February 19, 2019, granted attorney's fees to Plaintiffs, but invited Defendants to "file an amended notice of removal if they believe they can cure the jurisdictional defect in the original notice." (Dkts. 21, 27). Defendants filed an Amended Notice of Removal on February 22, 2019 (Dkt. 29). Plaintiffs then filed a Motion to Remand and for Attorney's Fees and Costs Rule 11 Sanctions (Dkt. 31) and a Motion to Expedite Decision on Motion to Remand (Dkt. 32).

## LEGAL STANDARD

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both

**MEMORANDUM DECISION AND ORDER - 1**

commencement of the action and removal. *See* 28 U.S.C. § 1441(a); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. See 28 U.S.C. § 1447(c). District courts have diversity jurisdiction where no plaintiff and defendant are citizens of the same state and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

District courts analyze a challenge to removal jurisdiction under the same standard applied to a motion to dismiss for lack of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("Challenges to the existence of removal jurisdiction should be resolved within [the Rule 12(b)(1)] framework, given the parallel nature of the inquiry."). A challenge to the Court's subject matter jurisdiction can be either facial or factual. *Id*. "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id*. In contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*.

Here, Plaintiffs challenge the factual allegations Defendants make in support of removal, so bring a "factual attack" on this Court's subject-matter jurisdiction. When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations

with "competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), under the same evidentiary standard that governs in the summary judgment context. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir.2010) (en banc). The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. *Harris*, 682 F.3d at 851.

## ANALYSIS

In their Amended Notice of Removal, Defendants attempt to cure the jurisdictional defect from their first Notice of Removal by showing Defendant Neil Campbell is not a member of Plaintiffs Camp Bench Holdings, LLC and Camp River Holding, LLC. To do so, Defendants filed a declaration from Mr. Campbell that, "[a]s of January 3, 2019, [he] was no longer a member of [the LLC] Plaintiffs." Dkt. 29, Ex. 6. Defendants bolster their allegation that Mr. Campbell was not a member with several pieces of circumstantial evidence pointing to Mr. Campbell's noninvolvement with the LLCs. *See* Dkt. 34. Plaintiffs counter that Defendants' evidence does not establish that Mr. Campbell in fact withdrew from the LLCs as required by Idaho Code § 30-25-602.

Because Plaintiffs have mounted a factual attack, Defendants must support their jurisdictional allegations with competent proof. *See Safe Air for Everyone*, 373 F.3d at 1039. And Defendants bear the burden of proving these facts by a preponderance of the evidence. *See Leite* 749 F.3d at 1122.

### A. Mr. Campbell Was a Member of Plaintiff LLCs as of September 22, 2014

As in their prior Motion to Remand, Plaintiffs argued that Defendant Neil Campbell is a member of the two LLC plaintiffs, which destroys diversity jurisdiction

**MEMORANDUM DECISION AND ORDER - 3**

and justifies remand of this case to state court. Dkt. 31-1 at 2. The diversity statute, "28 U.S.C. § 1332(a), . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because an LLC is a citizen of every state of which its owners/members are citizens, if Neil Campbell is in fact a member of Plaintiffs Camp Bench and Camp River LLCs, there is not complete diversity under § 1332. *See Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiffs point to several pieces of evidence in support of their argument that Mr. Campbell was, and still is, a member of both LLCs. First, Plaintiffs highlight the LLC operating agreements, which identify Mr. Campbell and Mr. Allen as the only two members. Dkt. 18-1, Exs. B, E. Neither LLC agreement contains a special provision for withdrawal. *See id.* Therefore, Idaho Code § 30-25-602 governs whether a member has withdrawn from an LLC: "a person is dissociated as a member when: The limited liability company knows or has notice of the person's express will to withdraw as a member." Neither party's briefing identifies an instance where Mr. Campbell expressed his will to withdraw, either directly to his co-member Mr. Allen or in any capacity tied to the LLCs. Instead, both sides argue that circumstantial evidence points in their favor. The Court considers each party's evidence of withdrawal to determine whether Defendants have met their burden of showing Mr. Campbell withdrew from the Plaintiff LLCs under I.C. § 30-25-602(1).

### B. Plaintiffs' Evidence Tends to Show Mr. Campbell Did Not Formally Withdraw

**MEMORANDUM DECISION AND ORDER - 4**

The Plaintiffs present evidence that suggests Mr. Campbell was still a member of the LLCs when the amended notice of removal was filed. Plaintiffs first note that Defendants filed an initial notice of removal with the Court that identified Mr. Campbell as a current member of the Plaintiff LLCs. Dkt. 35 at 5 ("Defendant Neil Campbell is a member of Plaintiff Camp Bench Holdings, LLC and Camp River Holdings, LLC."). Plaintiffs also show that the proposed settlement agreement between the parties refers to Mr. Campbell agreeing to surrender "all of his ownership interests in the Entities [which includes the two LLCs], whether in the form of shares, membership units, options, or otherwise." Dkt. 34 at 18. Finally, Plaintiff Mr. Allen submitted a declaration which confirmed his belief concerning Mr. Campbell's membership: "to this day, to the best of my knowledge and belief, Neil Campbell remains a member of Camp Bench Holdings LLC and Camp River Holdings, LLC." Dkt. 35-1 at 3; *see also* Dkt 1-1 at ¶ 9 (identifying Neil Campbell in the Complaint as a "member of Camp River Holding, LLC and Camp Bench Holdings, LLC").

With the above evidence, Plaintiffs therefore issue a direct factual challenge to Mr. Campbell's membership in the Plaintiff LLCs, which would destroy diversity jurisdiction in Defendants' amended notice of removal. Plaintiffs establish that Mr. Campbell was a member of the LLCs at their outset, that Mr. Allen had no knowledge of Mr. Campbell's alleged withdrawal, and at least circumstantial evidence that Mr. Campbell continued to act as a member of the LLCs throughout the settlement process. The burden is therefore on Defendants to show, by a preponderance of the evidence, that Mr. Campbell in fact withdrew from the two LLCs to establish that there is complete diversity under § 1332.

**MEMORANDUM DECISION AND ORDER - 5**

### C. Defendants Fail to Show Mr. Campbell Withdrew from Plaintiff LLCs

Defendants counter with mostly circumstantial evidence of their own, and cannot show by a preponderance of the evidence, as they must, that Mr. Campbell withdrew from the two LLCs at issue. First, Defendants point to Mr. Campbell's declaration attached to their amended notice of removal, stating that "[a]s of January 3, 2019, I was no longer a member [of the LLCs]." Dkt. 29 at 53. The Court notes, however, that Mr. Campbell's declaration in connection with the first notice of removal failed to address his membership in the LLCs. *See* Dkt. 18, Ex. A. Instead, the only evidence Defendants adduced on their first attempt were past-tense descriptions in two of *Plaintiffs'* filings that Mr. Allen and Mr. Campbell "co-owned" the LLCs. *Id* at 13; *see also* Dkt. 34 at 7-8. That Defendants initially pointed to Plaintiffs filings for support that Mr. Campbell had withdrawn from the LLCs, and that Mr. Campbell did not acknowledge his withdrawal until the second bite at the apple significantly undermines his statement of withdrawal in his second declaration (Dkt. 29).

The remainder of Defendants' evidence is circumstantial and thin. First, Defendants point to the same settlement agreement as Plaintiffs, focusing on the fact Mr. Campbell is not mentioned as an LLC member in the agreement, and that he doesn't sign it as a member. Dkt. 34 at 5-6. Defendants fail to acknowledge the clause where Mr. Campbell would agree to transfer ownership interest in the "Entities," which include the LLCs. *See id.* The settlement agreement ultimately cuts against Defendants' argument. The remainder of Defendants' evidence amounts to little: they show that Mr. Campbell did not receive information from the LLC for several months, that Mr. Allen's formed a

separate, potentially competing LLC, and that Camp River LLC had received substantial investment from a third party without Mr. Campbell's knowledge. Dkt 34 at 6-10. This evidence shows Mr. Campbell was not very involved in the Plaintiff LLCs, but not that he withdrew.

Because Defendants have not carried their burden to show, by a preponderance of the evidence, that Mr. Campbell withdrew from Camp Bench Holdings, LLC and Camp River Holding, LLC the Court lacks subject matter jurisdiction under § 1332, and will remand this case.

### D. Rule 11 Sanctions Are Inappropriate

Defendants also petition the court to impose Rule 11 sanctions in connection with Defendants' second notice of removal. The Motion to Remand does not address Rule 11 at length, but simply alleges that Plaintiffs have had to deal with delay caused by "bad faith removals," and an overall lack of diligence by defense counsel. Dkt. 31-1 at 4. Rule 11(b)(1) provides that, by signing any document filed with the Court, counsel certifies that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

The Court finds that Defendants' attempt to remove this case to federal court, though unsuccessful, was not in bad faith or pursued for an improper purpose. While Defendants could not show that Mr. Campbell withdrew from the LLCs as required by Idaho law, they proffered substantial evidence that Mr. Campbell *thought* he was no longer a part of the LLCs. Defense counsel's diligent investigation into Mr. Campbell's history with the LLCs and surrounding circumstances certainly unearthed evidence that

**MEMORANDUM DECISION AND ORDER - 7**

Mr. Campbell and Mr. Allen were not communicating, and that Mr. Campbell was not substantively involved in the day-to-day of the Plaintiff LLCs. *See* Dkt. 34. Defense counsel's inquiry was "reasonable under the circumstances," and not in violation of Rule 11.

Furthermore, based on the investigation of Defense counsel, the Court will vacate its prior award of fees and costs under 28 U.S.C. § 1447(c) (Dkt. 21). Based on the evidence accompanying the amended notice of removal, the Court finds Defense counsel had "an objectively reasonable basis" for removing this action, even though Defendants could not ultimately carry their burden of proving diversity jurisdiction under § 1332.

## ORDER

**IT IS ORDERED:**

1. The Court's Order Granting Plaintiffs' Motion to Remand and for Attorney Fees and Costs (Dkt. 21) is **VACATED IN PART**. Based on the evidence accompanying Defendants' Amended Notice of Removal the Court will not grant fees to Plaintiffs under 28 U.S.C. § 1447(c).

2. Plaintiffs' Motion for Attorney Fees (Dkt. 28) is **DENIED AS MOOT**.

3. Plaintiffs' Motion to Remand for Attorney Fee and Costs Rule 11 Sanctions (Dkt. 31) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the Motion to Remand but **DENIES** Plaintiffs' requests for costs or sanctions against Defendants.

4. Plaintiffs' Motion to Expedite Decision on Motion to Remand (Dkt. 32) is **DENIED AS MOOT**.

5. This action is **REMANDED** to the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville (Case No. CV10-19-0511).

6. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: March 1, 2019

B. Lynn Winmill
U.S. District Court Judge